```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION
```

EILEEN CARRY,                       )
                                    )
        Plaintiff                   )
                                    ) No. 3:11-0818
v.                                  ) Judge Sharp/Brown
                                    )
DAVID LOUIS RAYBIN and              )
HOLLINS, RAYBIN & WEISMAN, P.C.,    )
                                    )
        Defendants                  )

**TO: THE HONORABLE KEVIN H. SHARP**

## REPORT AND RECOMMENDATION

For the reasons stated below, the Magistrate Judge recommends that the Defendants' motion to dismiss (Docket Entry 14) on the grounds that the complaint fails to state a claim upon which relief can be granted because the Plaintiff's claims are barred by the statute of limitations T.C.A. § 28-3-104(a)(2) be GRANTED.

## LEGAL BACKGROUND

The Plaintiff in this matter in 2005 became involved in a dispute with Deborah Gonzales, M.D., which led to criminal charges being placed against her. The Magistrate Judge takes judicial notice that the Plaintiff filed two lawsuits against Dr. Gonzales in 2006, Cases 3:06-0157 and 3:06-0466. Both of these cases were dismissed on summary judgment.[1]

---

[1] The Plaintiff has again sued Dr. Gonzales in a case which is presently pending (Case 3:11-0446). It appears that there is a motion to dismiss or for summary judgment by Dr. Gonzales, and the Plaintiff has failed to respond in the time allowed. The Magistrate Judge will prepare a separate report and recommendation in that matter.

The complaint in this matter (Docket Entry 1), as amended by Docket Entry 8, alleges civil rights violations, breach of contract, breach of implied contract, breach of covenant of good faith and fair dealing, breach of ethical and fiduciary duty, breach of trust, breach of standard, intentional misrepresentation, deceptive business practice, failure to recuse, malpractice, negligence, incompetence and misconduct, collusion, fraud, and theft, against the named Defendants.

In the complaint Plaintiff alleges that she hired Mr. Raybin and his law firm to represent her in criminal charges pending against her out of the *Gonzales* matter in Davidson County. She alleges that Mr. Raybin had promised to defend her, and instead of doing so, on Friday afternoon of the August 26, 2005, entered into a settlement of her case with the Assistant District Attorney.[2] Plaintiff contends that this was without her knowledge, permission, and against her express instructions. The complaint alleges that she was notified of this settlement on August 26, 2005.

The Plaintiff has filed no response to this motion to dismiss within the time provided by the Rules.

---

[2]The Plaintiff seems to take some delight in abbreviating the title of the Assistant District Attorney. If the Plaintiff intends to abbreviate the title, she should use "Ass't." The use of the her abbreviation is totally inappropriate.

**LEGAL DISCUSSION**

In their memorandum in support of the motion to dismiss, the Defendants provide the correct standard of review under Fed. R. Civ. P. 12(b)(6), although for some reason they do cite cases from the 1970's and 1980's, rather than the more recent cases of *Bell Atlantic v. Twombly*, 127 S.Ct. 1955 (2007), and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009).

It is crystal clear that the complaint must be construed in the light most favorable to the Plaintiff and its well-pleaded facts must be accepted as true. However, the Court did not accept the true conclusions or unwarranted factual interference. *Iqbal* at 1949-50.

Applying this standard, the Magistrate Judge believes that the Plaintiff's complaint clearly fails to state a cause of action that is not barred by the statute of limitations. Tennessee Code Annotated § 28-3-104(a)(2) provides:

> The following actions shall be commenced within either after the cause of action accrued . . . prove action and suits against attorneys . . . for malpractice whether the actions are grounded or based in contract or tort.

The Plaintiff's cause of action accrued on August 26, 2005. The present case was filed on August 26, 2011. Thus, if the one-year statute of limitation applies, this case is grossly outside that limitation.

It appears that the Plaintiff has attempted to avoid the statute of limitations for malpractice by alleging contract

actions.  The statute of limitations for contracts in Tennessee is six years under T.C.A. § 28-3-109(a)(3).  If this statute of limitations was to be applied, the Plaintiff would have filed her complaint on the last possible day.

The Magistrate Judge believes, however, that the one-year statute of limitations is the applicable statute.  A recent case decided by the Federal District Court of East Tennessee, *Keszthelyi v. Tune Entrekin & White, P.C.,* 2008 WL 1869740 (E.D. Tenn. 2008) addresses this particular issue.  In that case the plaintiff alleged both malpractice and breach of contract against the law firm for providing bad advice and under a theory that a defense counsel has a contractual obligation to provide the best defense. Chief Judge Edgar pointed out that that the six-year cause of action under T.C.A. § 28-3-109(a)(3) applied on actions for contracts not otherwise expressly provided.  He then went on to point out that T.C.A. § 28-3-104(a)(2) provided that suits against attorneys for malpractice, whether the action was grounded or based in contract or tort, had a one-year statute of limitations.  He also went on to point out that the breach of contract claim was identical in nature and content to the malpractice claim and, thus, subject to the one-year statute of limitations.

The Magistrate Judge fully agrees with Chief Judge Edgar's analysis.  All of the activities complained about involve the Defendants' representation of the Plaintiff as her attorney.

4

Therefore, this case is subject to a one-year statute of limitations, rather than a six-year statute of limitations and as such the claim is barred and must be dismissed.

## RECOMMENDATION

For the reasons stated above, the Magistrate Judge recommends that the motion to dismiss and statute of limitations grounds be GRANTED and that this case be DISMISSED with prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this report and recommendation in which to file any written objections to this recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this report and recommendation in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this report and recommendation can constitute a waiver of further appeal of this recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

ENTER this 3rd day of November, 2011.

/s/ Joe B. Brown  
JOE B. BROWN  
United States Magistrate Judge